U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 22 2018

CLERK, U.S. DISTRICT COURT
By_____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CARLEEN CROMWELL AARON, INDIVIDUALLY AND AS INDEPENDENT ADMINISTRATRIX OF THE ESTATE OF CARL EDWIN CROMWELL, DECEASED, ET AL., | § § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 4:17-CV-503-A |
| BILL STARR, ET AL., | § § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants, Bill Starr, Ruth Starr, and Ruth Starr 2011 Revocable Trust, for summary judgment. Plaintiffs, Carleen Cromwell Aaron, individually and as Independent Administratrix of the Estate of Carl Edwin Cromwell, Deceased, and Carl Edwin Cromwell, Jr., have failed to respond to the motion, which is ripe for ruling. Local Civil Rule LR 7.1(e). The court, having considered the motion, the record, including the summary judgment evidence, and applicable authorities, finds that the motion should be granted.

I.

Plaintiffs' Claims

The operative pleading is plaintiffs' first amended original complaint filed August 8, 2017. Doc.[1] 12. This is a premises liability lawsuit. Plaintiffs allege: Their father, Carl Edwin Cromwell ("Cromwell"), was a caretaker and yard maintenance man for defendants, who own property at a subdivision known as the Cliffs. The backyard of defendants' property reaches out to the cliffside facing a lake. The cliffside has a mild slope down to the edge, which drops straight off 20-30 feet to rocks below. Defendants built a fence 8-10 feet high around the backyard, but placed an iron swing/bench outside the fence. Cromwell had worked for defendants at the Cliffs for years, performing yard work inside and outside the fence. On May 20, 2015, while performing yard work, Cromwell fell off the cliffside to his death.

II.

Grounds of the Motion

Defendants urge three grounds in support of their motion: (1) The cliff edge was open and obvious and plaintiffs cannot show that it was necessary for Cromwell to encounter the condition or that he was unable to take precautions. (2) There is no evidence to establish what caused Cromwell to fall over the

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

cliff edge. And, (3) defendants did not own, possess, or control the naturally occurring cliff edge. Doc. 24.

III.

Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in

3

the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[2] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

---

[2] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

IV.

Analysis

This is a diversity case in which Texas law applies. <u>Cleere Drilling Co. v. Dominion Exploration & Prod., Inc.</u>, 351 F.3d 642, 646 (5th Cir. 2003). In Texas, an owner/occupier owes a duty to use reasonable care to make and keep its premises safe for business invitees. <u>Clayton Williams, Jr., Inc. v. Olivo</u>, 952 S.W.2d 523, 527 (Tex. 1997). The elements of a cause of action for premises liability are: (1) existence of a condition of the premises creating an unreasonable risk of harm; (2) the owner/occupier knew or should have known of the existence of the condition; (3) the owner/occupier failed to use reasonable care to reduce or eliminate the risk by rectifying or warning of the condition; and (4) such failure was a proximate cause of plaintiff's injury. <u>Austin v. Kroger Tex., L.P.</u>, 465 S.W.3d 193, 2013 (Tex. 2015); <u>CMG Homes, Inc. v. Daenen</u>, 15 S.W.3d 97, 99 (Tex. 2000). An owner/occupier is not an insurer of the safety of his guests; liability may not be imposed by the mere fact that one is injured. <u>Dickson v. J. Weingarten, Inc.</u>, 498 S.W.2d 388, 389 (Tex. App.--Houston [14th Dist.] 1973, no writ).

The duty owed to an invitee is to make safe or warn against any concealed, unreasonably dangerous condition. <u>Austin</u>, 465 S.W.3d at 203. When the invitee is aware of the dangerous

5

condition, in most cases the law presumes that the invitee will take reasonable measures to protect himself. Id.; Wallace v. ArcelorMittal Vinton, Inc., 536 S.W.3d 19, 23 (Tex. App.--El Paso 2016, pet. denied). Two exceptions exist, criminal activity, which does not apply in this case, and necessary use, which plaintiffs allege does apply. Doc. 12 at 4, ¶ 11. The necessary use exception, derived from Parker v. Highland Park, Inc., 565 S.W.2d 512 (Tex. 1978), applies when the invitee must use the unreasonably dangerous premise condition and the landowner should have anticipated that the invitee was unable to avoid the unreasonable risks associated with the condition despite his awareness thereof. Austin, 465 S.W.3d at 206-07; Wallace, 536 S.W.3d at 24-25.

In this case, the summary judgment evidence establishes that the cliff edge was open and obvious and known to Cromwell, who had worked for defendants at the Cliffs for fifteen years. Further, defendants had warned Cromwell not to go near the cliff edge and he had acknowledged the danger and that he would not go near it. Defendants did not require that Cromwell work outside the fence, but Cromwell himself decided to weed whack around the swing outside the fence. The swing was not near the cliff edge and working around it did not place Cromwell in a position of

danger. And, in any event, Cromwell could have used a harness or safety device but did not.

In their second ground, defendants argue that plaintiffs cannot establish proximate cause, which requires a showing of cause in fact and foreseeability. Del Lago Partners, Inc. v. Smith, 307 S.W.3d 727, 774 (Tex. 2010). The summary judgment evidence shows that plaintiffs have nothing more than conjecture, guess, or speculation as to what caused Cromwell to fall to his death. Excel Corp. v. Apodaca, 81 S.W.3d 817, 820 (Tex. 2002). There is no evidence that the death would not have occurred but for defendants' breach of duty. Lenger v. Physician's Gen. Hosp., Inc., 455 S.W.2d 703, 706 (Tex. 1970).

Finally, defendants have shown that they did not own, occupy, or possess the cliff edge. Cty. Of Cameron v. Brown, 80 S.W.3d 549, 556 (Tex. 2002). The cliff edge is beyond the boundary of defendants' property and plaintiffs have not shown that defendants controlled the area. Defendants' duty did not extend beyond the limits of their control. Dixon v. Houston Raceway Park, Inc., 874 S.W.2d 760, 762 (Tex. App.--Houston [1st Dist.] 1994, no writ).

V.

Order

The court ORDERS that defendants' motion for summary judgment be, and is hereby, granted; that plaintiffs take nothing on their claims against defendants' and, that plaintiffs' claims be, and are hereby, dismissed.

SIGNED March 22, 2018.

_____
JOHN McBRYDE
United States District Judge